UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shaheen Cabbagestalk, #295567, | ) C/A No. 3:09-1834-SB-JRM |
| Plaintiff, | ) |
| vs. | ) |
| Kenneth A. Richstad; | ) **Report and Recommendation** |
| Kathrine Hudgins; | ) |
| SCDC Dept. of Corrections; | ) |
| Jon Ozmint; | ) |
| SCDC Headquarters Classifications; | ) |
| Michael R. Mathews; | ) |
| Mr. Dexter, Lee Inmate Records; | ) |
| Ms. Wanda Blanding, Inmate Records; | ) |
| McKither Bodison, Lieber Correction Warden; | ) |
| Joseph L. Savitz, III; | ) |
| Gwen T. Hyatt; | ) |
| Henry McMaster; | ) |
| John Willie Brown; | ) |
| James Campbell; | ) |
| Douglas Pernell; | ) |
| Wayne Green; | ) |
| Robert Bucy; | ) |
| Harold Grice; | ) |
| James F. Rogers; | ) |
| Judge John Davis; | ) |
| Judge Howard P. King; | ) |
| Kernard E. Redmond; | ) |
| Wayne Dillard, General Counsel in Columbia S.C.; | ) |
| Michael Glen-Barfield, Jr.; | ) |
| R. P. Grimsley; | ) |
| Glenn B. Manning; | ) |
| Food Supervisor Ms. Moss; | ) |
| Warden Cartledge, of McCormick Prison; | ) |
| Anita Crawford, in their individual and official capacity, | ) |
| Defendants. | ) |

### *Background of this Case*

The plaintiff is an inmate at the McCormick Correctional Institution of the South Carolina Department of Corrections (SCDC). The South Carolina Department of Corrections website (www.doc.sc.gov) indicates that the plaintiff is serving an eighteen-year sentence for an armed robbery conviction entered in the Court of General Sessions for Dillon County. The plaintiff entered the SCDC on August 29, 2007.

The "STATEMENT OF CLAIM" portion of the § 1983 complaint reveals that this civil rights action arises out of the plaintiff's former criminal case and conditions of his current confinement. The plaintiff contends that he is falsely imprisoned because he was not indicted and because an "Invalid Commitment/sentence form" was used (Complaint, at page 2). The plaintiff also alleges that the defendants have confused him with James Cabbagestalk. The plaintiff also complains about the food, access to magazines, the cost of canteen items, and the inmate workers at his prison kitchen. In his prayer for relief, the plaintiff seeks to be paid for every day he has been in prison or jail from January 12, 2007, to the date of his release; release from prison; a court order firing the defendants from state employment; waiver of immunity for the defendants; money for pain and suffering; and a court order barring further prosecution of the plaintiff.

### *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C.

§ 1915A, and the Prison Litigation Reform Act. The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Nonetheless, a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), which is cited in *Silva v. Spencer*, No. 08-cv-1686-H (LSP), 2009 U.S. Dist. LEXIS 61467, 2009 WL 2160632 (S.D. Cal., July 17, 2009). Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] *Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Since the plaintiff is, in part, challenging his conviction and sentence, this case is subject to summary dismissal because a right of action has not accrued. *See Heck v. Humphrey*, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. at 486-87 (footnote omitted). *See also Woods v. Candela*, 47 F.3d 545 (2nd Cir. 1995) (litigant's conviction reversed by state court in 1993; hence, civil rights action timely filed); *Treece v. Village of Naperville*, 903 F. Supp. 1251 (N.D. Ill. 1995); *Seaton v. Kato*, No. 94 C 5691, 1995 U.S. Dist. LEXIS 2380, *12-*13, 1995 WL 88956 (N.D. Ill., Feb. 28, 1995); and *Smith v. Holtz*, 879 F. Supp. 435 (M.D. Pa. 1995), *affirmed*, 87 F.3d 108 (3rd Cir. 1995).

In until the plaintiff's conviction is set aside, any civil rights action based on the conviction, sentence, direct appeal, and related matters will be barred because of the holding in *Heck v. Humphrey*. *Sufka v. Minnesota*, Civil No. 07-2528, 2007 U.S. Dist. LEXIS 84544, 2007 WL 4072313 (D. Minn., Nov. 15, 2007). Even so, the limitations period will not begin to run until the

cause of action accrues. *See Benson v. New Jersey State Parole Board*, 947 F. Supp. 827, 830 & n. 3 (D.N.J. 1996) (following *Heck v. Humphrey*: "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations."); and *Snyder v. City of Alexandria*, 870 F. Supp. 672, 685-88 (E.D. Va. 1994).

The plaintiff, who seeks release from prison, cannot obtain release from prison in this civil rights action. *Myers v. Pauling*, No. 95-820, 1995 U.S.Dist. LEXIS 7628, 1995 WL 334284 (E.D. Pa., June 2, 1995) ("Release from prison is not a remedy available under 42 U.S.C. § 1983.").

The Supreme Court of South Carolina, the Court of Appeals of South Carolina, Courts of General Sessions, Courts of Common Pleas, Family Courts, Probate Courts, magistrate's courts, and municipal courts are in a unified judicial system. *See* S.C. Const. Article V, § 1 ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); *City of Pickens v. Schmitz*, 297 S.C. 253, 376 S.E.2d 271, 272 (1989); and *Cort Industries Corp. v. Swirl, Inc.*, 264 S.C. 142, 213 S.E.2d 445, 446 (1975). The entity known as the South Carolina Court Administration operates the State of South Carolina's unified judicial system pursuant to the authority delegated by the Supreme Court of South Carolina. *See Bailey v. State*, 309 S.C. 455, 424 S.E.2d 503 (1992).

Judge Rogers, Judge Davis, and Judge King are immune from suit in the above-captioned civil rights action. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (a suit by South Carolina inmate against two Virginia magistrates); and *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial

actions."). *See also Siegert v. Gilley*, 500 U.S. 226 (1991) (immunity presents a threshold question which should be resolved before discovery is even allowed); and *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability"). *Accord Bolin v. Story*, 225 F.3d 1234 (11th Cir. 2000) (discussing judicial immunity of United States District Judges and United States Circuit Judges).

The Kirkland Reception and Evaluation Center is a group of buildings or a facility. Inanimate objects – such as buildings, facilities, and grounds – do not act under color of state law. Hence, the Kirkland Reception and Evaluation Center is not a "person" subject to suit under 42 U.S.C. § 1983. *See Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); and *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). *Cf. Wright v. El Paso County Jail*, 642 F.2d 134, 136 n. 3 (5th Cir. 1981).

The South Carolina Department of Corrections is immune from suit under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. *See, e.g., Federal Maritime Commission v. South Carolina State Ports Authority*, 535 U.S. 743 (2002); *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356 (2001); *Kimel v. Florida Board of Regents*, 528 U.S. 62 (2000); *Alden v. Maine*, 527 U.S. 706 (1999); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment

only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); *Belcher v. South Carolina Board of Corrections*, 460 F. Supp. 805, 808-809 (D.S.C. 1978); and *Simmons v. South Carolina State Highway Dept.*, 195 F. Supp. 516, 517 (E.D.S.C. 1961).

The Dillon County Sheriff's Department is subject to summary dismissal. Sheriff's Departments in South Carolina are state agencies, not municipal departments. *See* S.C. Code Ann. § 23-13-550 (2008); 1975 S.C.Att'y.Gen'l.Op. No. 47 (Jan. 22, 1975); and S.C. Code Ann. § 23-13-10 (2008), which provides that only the Sheriff has the authority to hire or terminate employees of the Sheriff's Department, and that the Sheriff is responsible for neglect of duty or misconduct by a deputy sheriff. *See also Allen v. Fidelity and Deposit Company*, 515 F. Supp. 1185, 1189-91 (D.S.C. 1981) (County cannot be held liable for actions of deputy sheriff because deputy sheriffs serve at pleasure of the Sheriff, not the County), *affirmed*, 694 F.2d 716 (4th Cir. 1982) [Table]; and *Comer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (suit against Sheriff of Greenville County: ". . . Sheriff Brown is an arm of the State."). Indeed, any damages to the plaintiff, if awarded in this case, would be paid by the South Carolina State Insurance Reserve Fund. *Comer v. Brown*, 88 F.3d at 1332 ("Judgments against the Greenville County Sheriff are paid by the South Carolina State Insurance Reserve Fund.").

Dillon County cannot be held liable for actions of the Court of General Sessions for Dillon County. It can be judicially noticed that, in South Carolina, a County's authority over courts within its boundaries was abolished when Article V of the Constitution of the State of South Carolina was

ratified in 1973. *See* Act No. 58, 1973 S.C. Acts 161; S.C. Const. Art. V, § 1; and *State ex rel. McLeod v. Civil and Criminal Court of Horry County*, 265 S.C. 114, 217 S.E.2d 23, 24 (1975).[3]

Under the current version of S.C. Const. Art. V, § 1, the Supreme Court of South Carolina, not Dillon County, retains the *sole* authority to supervise magistrates' courts, municipal courts, Family Courts, Probate Courts, and Courts of General Sessions in Dillon County. *See Spartanburg County Dept. of Social Services v. Padgett*, 296 S.C. 79, 370 S.E.2d 872, 875-76 & n. 1 (1988). By virtue of Article V, a County does not exercise administrative or supervisory authority over municipal courts, magistrates' courts, or courts of the State of South Carolina located within the geographical boundaries of the particular County. Moreover, Dillon County is not responsible for actions of the Circuit Solicitor in the plaintiff's criminal case because Dillon County does not hire or supervise the elected Solicitor, who "hires and fires" Assistant Solicitors. *Anders v. County Council for Richland County*, 284 S.C. 142, 325 S.E.2d 538 (1985). Consequently, Dillon County should be dismissed because it is not responsible for the alleged violations of the plaintiff's rights during the relevant times at issue in the above-captioned case.

The Clerk of the South Carolina Court of Appeals, who is the "lead" defendant, is immune from suit. *See Cook v. Smith*, 812 F. Supp. 561, 562 (E.D. Pa. 1993); and *Mourat v. Common Pleas Court of Lehigh County*, 515 F. Supp. 1074, 1076 (E.D. Pa. 1981). In *Mourat v. Common Pleas Court of Lehigh County*, the district court, in a ruling from the bench, commented:

---

[3]County courts in the State of South Carolina no longer exist. Section 22 of Article V of the Constitution of the State of South Carolina (1973) allowed "any existing court" on the date of ratification to continue operating until Article V was fully implemented. *State ex rel. McLeod v. Civil and Criminal Court of Horry County*, 217 S.E.2d at 24 ("The Horry County Court is one of the courts continued in existence solely by virtue of the provisions of Section 22 of Article V.").

> The clerk, Joseph Joseph, is also immune from suit. In the "recognized immunity enjoyed by judicial and quasi-judicial officers, including prothonotaries, there exists an equally well-grounded principle that any public official acting pursuant to court order is also immune." We have here quoted from *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969). If he failed to act in accordance with the judicial mandate or court rule, he would place himself in contempt of court. See *Zimmerman v. Spears*, 428 F. Supp. 759, 752 (W.D.Tex.), *aff'd*, 565 F.2d 310 (5th Cir. 1977); *Davis v. Quarter Sessions Court*, 361 F. Supp. 720, 722 (E.D.Pa.1973); *Ginsburg v. Stern*, 125 F. Supp. 596 (W.D.Pa.1954), *aff'd per curiam on other grounds*, 225 F.2d 245 (3d Cir. 1955) sitting en banc.

*Mourat v. Common Pleas Court for Lehigh County*, 515 F. Supp. at 1076. *See also Dieu v. Norton*, 411 F.2d 761, 763 (7th Cir. 1969) ("Defendants Circuit Judge Cotton, court reporter Tellschow and circuit court clerk Block were all acting in the discharge of their official responsibilities[;] [a]s such they were protected by the traditional doctrine of judicial immunity, as this rule of law was not abolished by § 1983, *supra*.").

The doctrine of absolute quasi judicial immunity has been adopted and made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'" *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992), *quoting Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir. 1989).[4] *See also Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980) (collecting cases on immunity of court support personnel); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995); *and Mayes v. Wheaton*, No. 97 C 8072, 1999 U.S.Dist. LEXIS 17182, 1999 WL

---

[4] Insofar as court reporters in federal criminal trials are concerned, the holding in *Scruggs v. Moellering*, which granted absolute immunity to court reporters, is not applicable. *See Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429 (1993) (resolving inter-circuit conflict between circuits holding that court reporters in federal criminal trials have absolute immunity and circuits holding that court reporters in criminal trials have qualified immunity).

1000510 (N.D. Ill., Nov. 1, 1999) ("Judicial immunity extends to all persons performing judicial and quasi-judicial functions, as well as those acting under the orders, or at the discretion, of a judicial officer."), *citing Forrester v. White*, 484 U.S. 219, 226-27 (1988).

This federal court cannot "fire" the individual defendants from their various state jobs or positions. *See Maxton v. Johnson*, 488 F. Supp. 1030, 1032 n. 2 (D.S.C. 1980) (a federal district court lacks inherent power to hire, remove, or reassign officials not within the executive control of that federal district court), *citing United States v. White County Bridge Commission*, 275 F.2d 529, 535 (7th Cir. 1960).

The plaintiff's medical care claims in this case are also subject to summary dismissal. With respect to medical care, a prisoner in a § 1983 case or *Bivens* action "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In *Estelle v. Gamble*, the prisoner contended that other examinations should have been conducted by the prison's medical staff and that X-rays should have been taken. The Supreme Court in *Estelle v. Gamble* pointed out that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." *Estelle v. Gamble*, 429 U.S. at 105. "Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). *Cf. Whitley v. Albers*, 475 U.S. 312, 320 (1986) (a state's responsibility to attend to the medical needs of prisoners does not ordinarily clash with other equally important governmental responsibilities).

The decision of the Supreme Court of the United States in *Farmer v. Brennan*, 511 U.S. 825 (1994), which was a *Bivens* action, does not require that process be issued in the above-captioned

case because the allegations in the complaint concern negligence or medical malpractice. Negligent or incorrect medical treatment is not actionable under 42 U.S.C. § 1983 or the *Bivens* doctrine.[5] *Estelle v. Gamble*, 429 U.S. at 106. Negligence, in general, is not actionable under 42 U.S.C. § 1983 or under the *Bivens* doctrine. *See Daniels v. Williams*, 474 U.S. 327, 328-36 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); and *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995) (applying *Daniels v. Williams*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]"). Secondly, the *Bivens* doctrine and 42 U.S.C. § 1983 do not impose liability for violations of duties of care arising under state law. *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 200-203 (1989). Similarly, medical malpractice is not actionable under 42 U.S.C. § 1983 or under the *Bivens* doctrine. *Estelle v. Gamble*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). *See also Dalton v. City of Wilmington*, Civ. No. 08-581-SLR,

---

[5]In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. "*Bivens* is the case establishing, as a general proposition, that victims of a constitutional violation perpetrated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits." *Wright v. Park*, 5 F.3d 586, 589 n. 4 (1st Cir. 1993), which *cites*, *inter alia*, *Carlson v. Green*, 446 U.S. 14, 18 (1980) (restating *Bivens* rule).

A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-20 & n. 30 (1982). *Harlow*, which is often cited for the principle of the qualified immunity of state officials for acts within the scope of their employment, was brought against a federal official. In footnote 30 of the opinion in *Harlow*, the Supreme Court stated that *Harlow* was applicable to state officials sued under 42 U.S.C. § 1983. In other words, case law involving § 1983 claims is applicable in *Bivens* actions and *vice versa*. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Bolin v. Story*, 225 F.3d 1234, 1241-42 (11th Cir. 2000); and *Campbell v. Civil Air Patrol*, 131 F.Supp.2d 1303, 1310 n. 8 (M.D. Ala. 2001) (noting that, since courts have expanded the *Bivens* remedy, usually used for a Fourth Amendment violation, to allow direct action under First and Fifth Amendments, "the court shall refer interchangeably to cases" decided under both § 1983 and *Bivens*).

2008 U.S. Dist. LEXIS 83812, 2008 WL 4642935 (D. Del., Oct. 20, 2008) ("The negligence claim is not cognizable under § 1983 and, therefore, the complaint is dismissed for failure to state a claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).");[6] and *Robbins v. Sweeney*, No. 94-1789 and No. 94-2206, 1994 U.S.Dist. LEXIS 15874, *11, 1994 WL 618488, *2 (E.D. Pa., Nov. 2, 1994) ("Mere allegations of negligent medical malpractice do not present a constitutional violation.").

Moreover, the allegations relating to the food — the presence of the "rock the size of [the plaintiff's pinkey nail" (Entry No. 1-2, at page 9), which injured the plaintiff's teeth, is, at best, the result of negligence, which is not actionable pursuant to 42 U.S.C. § 1983. *Daniels v. Williams*, 474 U.S. at 328-36.

Secondly, the allegations relating to the lack of a salad bar and lack of orange drinks at the McCormick Correctional Institution, *see* Complaint at page 20, do not raise a valid constitutional violation. Prisons are required to provide "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *See French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985). Although the plaintiff would prefer to have access to a salad bar and orange drinks, the variety of the food is irrelevant if the food is nutritionally adequate. *See Brown v. Detella*, No. 95 C 1576, 1995 U.S.Dist. LEXIS 13260, *7-*8 [no WESTLAW citation available] (N.D. Ill., Sept. 7, 1995) (*citing Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985): "A well-balanced meal, containing sufficient nutritional value to preserve health, is all that is required."). Absent any indication that the lack of

---

[6]There is a discrepancy between the LEXIS and WESTLAW services as to the date of the decision in *Dalton v. City of Wilmington*. The WESTLAW services lists the date as October 20, 2008, while the LEXIS service indicates that the date is October 18, 2008. This discrepancy results from the fact that the WESTLAW service uses the "ENTERED" date and the LEXIS service uses the "FILED" date.

a salad bar and the lack of orange drink present a danger to the plaintiff's health, the plaintiff has not raised a cognizable claim under the Eighth Amendment. *See Prophete v. Gilless*, 869 F. Supp. 537, 538 (W.D. Tenn. 1994); and *Cosby v. Purkett*, 782 F. Supp. 1324, 1329 (E.D. Mo. 1992). *See also Landfair v. Sheahan*, 878 F. Supp. 1106 (N.D. Ill. 1995); *Taylor v. Turner*, 884 F.2d 1088, 1090 (8th Cir. 1989); *Chavis v. Fairman*, No. 92 C 7490, 1994 U.S. Dist. LEXIS 1850, *11 n. 5, 1994 WL 55719 (N.D. Ill., Feb. 15, 1994) ("While Chavis depicts less than optimal eating conditions and fare, all of his allegations combined still fail to suggest that he was being served food which posed 'an immediate danger to his health and well being.'"), *affirmed*, *Chavis v. Fairman*, No. 94-1503, 51 F.3d 275 [Table], 1995 U.S.App. LEXIS 7916, 1995 WL 156599 (7th Cir., April 6, 1995). Similarly, the plaintiff's allegations about the competency of prison workers at the prison kitchen fail for the same reasons.

The allegedly exorbitant prices at the prison canteen do not constitute a civil rights violation because there is no constitutional right to access to a prison canteen. *See Newsom v. Highlands County Jail*, No. 09-14059-CIV, 2009 U.S. Dist. LEXIS 45342, 2009 WL 1515093 (S.D. Fla., May 29, 2009):

> There is no constitutional right of access to a prison gift or snack shop. *Tokar v. Armontrout*, 97 F.3d 1078, 1083 (8 Cir.1996). The plaintiff does not allege that he was denied any necessities during his confinement or that he was forced to purchase any items from the canteen. The plaintiff has thus failed to establish of claim under § 1983.
>
> These allegations relating to the withdrawal of fees and canteen prices are thus subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a constitutional claim upon which relief may be granted.

*Newsom v. Highlands County Jail*, 2009 WL 1515093 at * 5.

The charging of co-payments or fees for medical services is constitutional. Prisons and jails are allowed to impose co-payments for medical services *if they actually provide medical care to the prisoner*. *Stanley v. Ohio Dept. of Rehabilitation and Correction*, No. C2-02-178, 2002 U.S. Dist. LEXIS 21996, 2002 WL 31409435 (S.D. Ohio, Aug. 13, 2002) (requiring an inmate to make a $3.00 co-payment for medical treatment does not deprive him of a property interest for "he has exchanged the co-payment for medical services he has either desired or required, and it is likely that the value of the medical services received far exceeds the relatively small co-payment demanded"). *See also* the Federal Prisoner Health Care Copayment Act of 2000, 18 U.S.C. § 4048, which applies to *federal* prisoners.

The plaintiff's claims of excessive force are actionable. *See Riley v. Dorton*, 115 F.3d 1159 (4th Cir. 1997) (indicating what constitutes *actionable* excessive force); and *Valladares v. Cordero*, 552 F.3d 384 (4th Cir. 2009) (affirming district court's denial of officer's motion for summary judgment asserting qualified immunity in excessive force case). The way the plaintiff prepared his complaint makes it difficult for the court to determine which defendants were involved in the excessive force. *See United States v. Messimer*, 598 F. Supp. 992, 993 (C.D. Cal. 1984) (describing pleadings filed by *pro se* litigant as "thirty-four pages of bizarre, repetitive and incomprehensible claims, contentions and sometimes gibberish"). The plaintiff can obtain civil rights forms from the Clerk's Office in Columbia and submit a separate civil rights action against the persons involved in the allegedly excessive force.

*Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" § 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal].

I also recommend that this case be deemed to be a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g). *See* 28 U.S.C. § 1915(e)(2) and (g). These provisions require an inmate to pay the filing fee for his or her case in advance after he or she has had three cases "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." *Id*. As discussed above under *Heck v. Humphrey*, a prisoner must show that his or her conviction or sentence has been reversed or vacated before he or she can recover in tort for the unlawful conviction or sentence. Where, as here, the conviction or sentence has not been overturned, the inmate's constitutional tort action under § 1983 must be dismissed. Several courts have held that a dismissal under *Heck* constitutes a "strike" under 28 U.S.C. § 1915(e)(2) and (g). *See Sandles v. Randa*, 945 F. Supp. 169 (E.D. Wis. 1996); *Sanders v. DeTella*, 1997 U.S.Dist. LEXIS 2838, 1997 WL 126866 (N.D. Ill., March 13, 1997)(unpublished); and *Grant v. Sotelo*, 1998 U.S.Dist. LEXIS 16798, 1998 WL 740826 (N.D. Tex., Oct. 19, 1998)(unpublished).[7] *See also Adepegba v.*

---

[7]In *Grant*, the court recognized that "the question may be raised whether a cause dismissed pursuant to *Heck* considerations should be considered for purposes of computing the three strikes..."
(continued...)

*Hammons*, 103 F.3d 383, 384 (5th Cir. 1996) (noting that district court dismissed a claim as frivolous under *Heck* and declining to address the propriety of the district court's dismissal because plaintiff had not exhausted his appeal) and *cf. Okoro v. Bohman*, 164 F.3d 1059, 1061-64 (7th Cir. 1999). Thus, the undersigned concludes that this action is frivolous under 28 U.S.C. § 1915(e)(2) and (g) and should be deemed a "strike" under this statute. In any event, since the three South Carolina Circuit Judges and the Clerk of the South Carolina Court of Appeals are immune from suit, a "strike" may be imposed because the plaintiff seeks damages from them. 28 U.S.C. § 1915A. The plaintiff's attention is directed to the Notice on the next page.

September 28, 2009  
Columbia, South Carolina

Joseph R. McCrorey  
United States Magistrate Judge

---

(...continued)
but followed the decisions of *Sandles* and *Sanders*

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **901 Richland Street**
> **Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).