| | |
|---|---|
| Shaheen Cabbagestalk, #295567, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Kenneth A. Richstad; Kathrine Hudgins; ) | |
| SCDC Dept. of Corrections; Jon Ozmint; ) | Civil Action No. 3:09-1834 |
| SCDC Headquarters Classifications; Michael ) | |
| R. Mathews; Mr. Dexter Lee, Inmate Records, ) | |
| Ms. Wanda Blanding, Inmate Records; Lieber ) | |
| Correction Warden McKither Bodison; Joseph ) | |
| L. Savitz III; Gwen T. Hyatt; Henry McMaster; ) | |
| John Willie Brown; James Campbell; Douglas ) | |
| Pernell; Wayne Green; Robert Bucy; Harold ) | **ORDER** |
| Grice; James F. Rogers; Judge Howard P. ) | |
| King; Kernard E. Redmond; Wayne Dillard, ) | |
| General Counsel in Columbia S.C.; Michael ) | |
| Glen Barfield Jr.; R.P. Grimsley; Glenn B. ) | |
| Manning, Food Supervisor Ms. Moss; Warden ) | |
| Cartledge of McCormick Prison; Anita ) | |
| Crawford, in individual and official capacity, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court upon the Plaintiff's pro se complaint, filed pursuant to 42 U.S.C. § 1983. By local rule, this matter was referred to a United States Magistrate Judge for preliminary determinations. On September 29, 2009, Magistrate Judge Joseph R. McCrorey issued a report and recommendation ("R&R"), recommending that the Court dismiss the Plaintiff's complaint without prejudice and without issuance and service of process. Also, the Magistrate Judge recommended that the Court deem the dismissal a "strike" for purposes of the "three strikes rule" of 28 U.S.C. § 1915(g). On October 14, 2009, the Plaintiff filed objections to the R&R and a motion to amend his complaint.

The Plaintiff is an inmate at the McCormick Correctional Institution, where he is serving an 18-year sentence for an armed robbery conviction entered in the Dillon County Court of General Sessions. In his complaint, the Plaintiff raises various claims regarding his conviction and he complains about the conditions of his confinement. The Plaintiff claims that he has been kid-napped and is being falsely imprisoned because he was not indicted and because the Defendants have confused him with James Cabbagestalk. The Plaintiff also complains about, among other things, the food, access to magazines, the cost of canteen items, and the inmate workers in the kitchen. The Plaintiff seeks to be paid for every day that he has been imprisoned since January 12, 2007; he also requests release from prison, a court order firing the Defendants, a waiver of the Defendants' immunity, money for pain and suffering, and a court order barring further prosecution of him.

The Magistrate Judge undertook a careful review of the Plaintiff's pro se complaint and found that the Plaintiff's claims challenging his conviction and sentence are subject to summary dismissal because a right of action has not yet accrued (as the Plaintiff's conviction has not been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus). See Heck v. Humphrey, 512 U.S. 477 (1994). The Magistrate Judge also noted that the Plaintiff cannot obtain release from prison in this civil rights action.

Next, the Magistrate Judge found that the various judges named in the Plaintiff's complaint, as well as the South Carolina Department of Corrections, the Clerk of the South Carolina Court of Appeals, and the other court personnel staff are immune from suit. The Magistrate Judge also noted that the Kirkland Reception and Evaluation Center is a group of buildings and is not a "person" under 42 U.S.C. § 1983. Next, the Magistrate Judge

2

found that the Dillon County Sheriff's Department is subject to summary dismissal because it is a state agency and not a municipal department. Likewise, the Magistrate Judge noted that Dillon County cannot be held liable for actions of the Dillon County Court of General Sessions because the South Carolina Supreme Court retains the sole authority to supervise the state courts.

With respect to the Plaintiff's claims, the Magistrate Judge noted that federal courts lack the authority to fire individual defendants from the their state jobs. Also, the Magistrate Judge found that the Plaintiff's medical care claims failed because the Plaintiff did not allege acts or omissions sufficiently harmful to show deliberate indifference to serious medical needs. Similarly, the Magistrate Judge found that the Plaintiff failed to state a constitutional claim with respect to his allegations relating to the food. With respect to the Plaintiff's complaints about the prices at the prison canteen, the Magistrate Judge noted that there is no constitutional right to a prison canteen. And with respect to the Plaintiff's complaints of being charged a co-pay for medical services, the Magistrate Judge noted that the charging of co-payments for medical services is constitutional.

Finally, the Magistrate Judge determined that the Plaintiff may be able to state an actionable claim of excessive force. However, because the Plaintiff failed to identify the Defendants involved, and because the Plaintiff's complaint was drafted in such as way as to make it incomprehensible, the Magistrate Judge recommended that the Plaintiff proceed on these claims by obtaining the proper forms and submitting a separate civil action specifically naming the persons involved in the alleged incident.

The Plaintiff filed written objections to the R&R and a motion to amend; however,

a review of these filings indicates that they are irrelevant and largely incomprehensible.[1] Moreover, nowhere in his objections does the Plaintiff point to any legal or factual error in the R&R. After a thorough review of the record, the Court finds that the Magistrate Judge accurately summarized the facts and applied the correct principles of law. Accordingly, it is hereby

**ORDERED** that the R&R (Entry 12) is adopted, and the Plaintiff's complaint is dismissed without prejudice and without issuance and service of process. This dismissal is deemed a "strike" for purposes of the "three strikes rule" of 28 U.S.C. § 1915(g).

**AND IT IS SO ORDERED.**

The Honorable Sol Blatt, Jr.
Senior United States District Judge

November 18, 2009
Charleston, South Carolina

---

[1] In his motion to amend, the Plaintiff asks to add Defendants to his complaint but does not name any additional Defendants. He states that he would like to allege causes of action for identity fraud and theft, forgery, embezzlement, conspiracy, grand larceny, and government and judicial misconduct against these unidentified Defendants.

The Plaintiff's nonsensical objections include rambling paragraphs like this: I am sovereign, as the people, over the instruments of our creation, namely unlimited form of governments, created for the protection of natural rights and liberties, constitution of the state of Washington for Washington republic .... [E]very prisoner has a[ ] monetary value to the government whether it[']s local, county, state, or federal bonds are written based on a person's name and social security number and are sold thr[ough] a brokerage firm such as AG Edwards or Merrill Lynch who has the contract to sell all the prison bonds for the city, state, and federal prisons. Over 50% of the money market bonds right now are purchased in Japan or China also Wal-Mart and K-Mart purchases these bonds doing so by emptying out bank accounts at night, both companies are fronts for enormous money machines. . . .

(Entry 14 at 3.)

4